IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Auston Cash, | ) Civil Action No.: 6:12-1815-MGL |
| Plaintiff, | ) |
| vs. | ) **ORDER AND OPINION** |
| James Metts, E.V. Kirkland, Dan Doe, John Doe, and Bennet E. Casto, | ) |
| Defendants. | ) |

Plaintiff William Auston Cash ("Plaintiff"), a pretrial detainee proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff is currently housed at the Lexington County Detention Center ("LCDC") in Lexington, South Carolina. Plaintiff generally complains of treatment, accommodations, and conditions at the Lexington County Detention Center; claims ineffective assistance of counsel; and asserts violations of his constitutional rights and state and federal laws. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) D.S.C., this matter was referred to United States Magistrate Judge Kevin J. McDonald for pretrial handling.

On or about February 1, 2013, Plaintiff filed a motion in the form of an "Order to Show Cause for an Preliminary Injunction and a Temporary Restraining Order" which states that he wants the Court to direct Defendants to do several things such as: fund and support his legal research, conduct certain investigations, and provide him with hot meals and medical snack bags. (ECF No. 85 at 1-2.) Defendants filed a Response in Opposition to this Motion on March 5, 2013 (ECF No. 108). On March 6, 2013, Magistrate Judge McDonald issued a Report and Recommendation ("Report") recommending that the Court

-1-

deny Plaintiff's Motion for "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order." (ECF No. 110).  The Report sets forth the relevant facts and standards of law on this matter and the Court incorporates such without recitation.  On March 14, 2013, Plaintiff filed a Reply to Defendant's Response in Opposition, however, the Reply was filed after the entry of the Report and Recommendation of the Magistrate Judge.  (ECF No. 113.)  Plaintiff then filed a timely Objection to the Report of the Magistrate Judge ("Objection") on March 21, 2013.  (ECF No. 119.)

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1).  The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  *Id.*  The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

The Magistrate Judge considered the factors a plaintiff must satisfy in order to obtain injunctive relief and found that Plaintiff has not satisfied these requirements.  (ECF No. 110.)  The Court finds that Plaintiff's objections are unrelated to the dispositive portions of the Magistrate Judge's Report and largely consist of a reassertion of the arguments made in his motion.  The arguments raised in Plaintiff's Reply and Objection do not change the well-reasoned analysis set forth by the Magistrate Judge recommending denial of Plaintiff's Motion based on the record before the Court.  "It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the

management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities." *Taylor v. Freeman*, 34 F.3d 266, 267 (4th Cir. 1994)(vacating the district court's issuance of a mandatory injunction ordering prison officials to take certain actions). Plaintiff has failed to demonstrate that circumstances warrant the extraordinary relief sought.

After conducting a *de novo* review as to Plaintiff's Objection to the Report, and considering the record, the applicable law, the Report and Recommendation, and Plaintiff's Reply, the Court agrees with the conclusion of the Magistrate Judge that Plaintiff has not met his burden of establishing that a preliminary injunction or temporary restraining order is appropriate in this case. Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report and Recommendation herein. Plaintiff's Motion for "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order" (ECF No. 85) is DENIED.[1]

IT IS SO ORDERED.

                                        s/ Mary G. Lewis
                                        United States District Judge

Spartanburg, South Carolina
May 23, 2013

---

[1] Plaintiff's Notice of Appeal with the United States Court of Appeals for the Fourth Circuit as to an order of February 7, 2013 on Plaintiff's motions to compel discovery, conduct depositions, and seal the case and Defendants' motions to seal an affidavit and to stay discovery does not divest the district court's jurisdiction to issue a ruling on Plaintiff's Motion for "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order" which concerns wholly collateral issues not involved in the appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982); *U.S. v. Gedeon*, No. 12-7688, 2013 WL 1028498 (4th Cir. Mar. 15, 2013)(unpublished decision).