IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Auston Cash, ) | Civil Action No.: 6:12-1815-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| James Metts, E.V. Kirkland, Dan Doe, ) | |
| John Doe, and Bennet E. Casto, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff William Auston Cash ("Plaintiff"), a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. At all times covered by Plaintiff's amended complaint, he was housed at the Lexington County Detention Center ("LCDC") in Lexington, South Carolina. Plaintiff generally complains of treatment, accommodations, and conditions at the LCDC; claims ineffective assistance of counsel; and asserts violations of his constitutional rights and state and federal laws. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) D.S.C., this matter was referred to United States Magistrate Judge Kevin J. McDonald for pretrial handling.

On December 21, 2012, Defendant Bennett Casto filed a Motion for Summary Judgment in this case. (ECF No. 57.) That same day, Defendants James Metts and E.V. Kirkland filed a separate Motion for Summary Judgment. (ECF No. 58.) After receiving an order filed December 27, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff filed a response in opposition to the motions. (ECF No. 65.) Defendants Metts, Kirkland, and Casto filed a reply to Plaintiff's response in opposition to the Motions

for Summary Judgment on January 14, 2013. (ECF No. 75.) The Magistrate Judge prepared a Report and Recommendation ("Report") on July 17, 2013, recommending that the motions for summary judgment be granted. (ECF No. 137.) The Report sets forth the relevant facts and standards of law on this matter and the court incorporates such without recitation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. (ECF No. 137 at 16.) Plaintiff filed no objections and the time for doing so expired on August 5, 2013.

After reviewing the motion and response, the record, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the

court adopts and incorporates the Report and Recommendation (ECF No. 137) by reference into this order. It is therefore ORDERED that Defendants' Motions for Summary Judgment (ECF No. 57 & 58) are GRANTED, and this case dismissed.

    IT IS SO ORDERED.

                                            s/ Mary G. Lewis
                                            United States District Judge

Spartanburg, South Carolina
August 7, 2013